## CIRCUIT COURT OF FAIRFAX COUNTY

Williams

    v.

Omana et al.

Case No. C109986

Williams

    v.

IIFTAC

Case No. L89977

June 16, 1989

By JUDGE LEWIS HALL GRIFFITH

This case is before the court on demurrers by defendant IIFTAC to two pleadings filed by plaintiff Williams. The case arises from an alleged breach of a contract for the sale of real estate to Williams by the Omana defendants. The amended bill of complaint in the chancery case alleges that after the contract was executed, Williams learned that the Omanas did not own the property. However, they represented that they would exercise their option to purchase and then transfer the property to Williams. He was later told that they had exercised their option, and he prepared to purchase the property in reliance upon this. Williams was then notified that the Omanas no longer intended to carry out the sale. Williams then filed a

suit in chancery alleging common law fraud, constructive fraud, fraudulent conveyance, and breach of contract. Only the fraudulent conveyance claim is directed toward IIFTAC. Williams also filed a suit at law alleging that IIFTAC tortiously interfered with Williams's contract with the Omanas. The Omanas filed an answer and a cross-bill of complaint against IIFTAC. IIFTAC filed an earlier demurrer which was sustained, and Williams was granted leave to file an amended bill of complaint, to which IIFTAC now demurs.

IIFTAC's demurrer to the chancery case contains several arguments, and the demurrer to the law case repeats two of the arguments.

The first argument as to the fraudulent conveyance count is that an agreement releasing each party from its obligations under a contract is supported by valid consideration. This is an improper basis for a demurrer because a demurrer admits the truth of all facts expressly alleged. *Duggin v. Adams*, 234 Va. 221 (1987). Williams has alleged in the bill of complaint that there was not sufficient consideration. Therefore, this fact cannot be disputed by demurrer.

Second, IIFTAC argues that Virginia Code § 88-50 is inapplicable by its terms to this case. Counsel for Williams has acknowledged that the reference to § 88-50 was a typographical error, that the proper code section is § 55-80, and that he notified counsel for IIFTAC. This ground is overruled.

IIFTAC also argues that it has not been unjustly enriched by not selling the property to the Omanas and that Williams lacks standing to make this claim. This ground is overruled.

Finally, IIFTAC has addressed two additional arguments to both the fraudulent conveyance and tortious interference claims. IIFTAC argues that it owes no duty to Williams to perform its contract with the Omanas because Williams was not a party to that contract. Furthermore, IIFTAC argues that it was free to enter into an agreement to release itself from liability from its own prior contract with a third party for any reason, without any claim by Williams.

The elements of a tortious interference with a contract are (1) the existence of a valid contractual relationship

or business expectancy, (2) knowledge of the relationship or expectancy on the part of the interferor, (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy, and (4) resultant damage to the party whose relationship or expectancy has been disrupted. *Chaves v. Johnson*, 230 Va. 112 (1985). A *prima facie* claim for fraudulent conveyance pursuant to Virginia Code § 55-80 requires an allegation that a conveyance was made with the intent to delay, hinder, or defraud creditors or purchasers. The court finds that Williams has sufficiently stated causes of action of fraudulent conveyance and for interference with contract. These grounds for demurrer are overruled.

In summary, IIFTAC's demurrers to count III of the chancery case and to count I of the law case are overruled.